IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS WILLIAM HYSELL,  )<br>　　　　　　　　　　　　　　　)<br>　　　　　Petitioner,　　　　　)<br>　　　　　　　　　　　　　　　)<br>　vs.　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>SCOTT KERNAN, Warden,　　　)<br>　　　　　　　　　　　　　　　)<br>　　　　　Respondent(s).　　　)<br>_____)| No. C 07-5511 CRB (PR)<br><br>ORDER OF DISMISSAL |

　　　　Petitioner, a prisoner at Pleasant Valley State Prison in Coalinga, California, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging three prior burglary convictions used to enhance a 1997 conviction and life sentence from the Superior Court of the State of California in and for the County of Marin.  Petitioner alleges that the three prior convictions, obtained in 1983 in San Joaquin County superior court, are invalid because counsel was ineffective when he advised petitioner to plead guilty.

　　　　Unfortunately for petitioner, the Supreme Court has made clear that an expired conviction cannot be challenged in an attack upon the later sentence it was used to enhance.  See Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001) (prior conviction cannot be challenged in a § 2254 petition); Daniels v. United States, 532 U.S. 374, 382-83 (2001) (prior conviction cannot be challenged in a § 2255 motion).

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Coss, 532 U.S. at 403-04 (citation omitted). The only exception to this rule is for a claim that the prior conviction was unconstitutional because there was a failure to appoint counsel in violation of the Sixth Amendment right to counsel as set forth in Gideon v. Wainwright, 372 U.S. 335 (1963). See Coss, 532 U.S. at 404; Daniels, 532 U.S. at 382. There is no such claim here.

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED under the rationale of Coss.

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot and close the file.

SO ORDERED.

DATED: November 5, 2007

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.07\Hysell, W1.or1.wpd         2